ELLA L. BOON, Respondent, v. ALVIN S. HALL, as Trustee of WALTER A. BOON, under the Last Will and Testament of STEPHEN BOON, Deceased, and Others, Defendants, Impleaded with MAITLAND BOON and MARY L. ALLEN, Appellants.

*Erection of a building upon vacant land by a trustee — when a mortgage, given without authority from the court, to secure money advanced to complete a building, is valid — effect of the money being expended under the supervision of the beneficiary.*

A testator, by his will, devised certain property to his executor "in trust nevertheless for the use, benefit and maintenance of my son, Walter A. Boon, * * * and upon his death the same to go to his heirs." By a subsequent provision of the will he empowered the executor "to lease, mortgage or sell any. or all of the several pieces or portions of land so deeded to him, whenever in his judgment it may be necessary or proper in the execution of said several trusts." The property so devised was chiefly vacant property, situated in the heart of the city of Watertown, and the gross income thereof did not exceed eight dollars a week.

The testator's son, Walter A. Boon, had a wife and child and possessed no other property than his interest in the trust estate. After the testator's death, the trustee, at the instance of the said Walter A. Boon, and upon the stipulation of all except one of the beneficiaries of the testator, presented a petition to the Supreme Court for leave to execute a mortgage upon the property and to use the avails thereof in constructing thereon a block of stores with residences above them. The petition did not specify the amount of the mortgage, but the order restricted it to the sum of $10,000. Pursuant to this order a mortgage of $10,000 was executed upon the property.

This sum being insufficient to complete the buildings, the wife of the said Walter A. Boon, with the knowledge and consent of the trustee, advanced to her husband the sum of $9,070. The sum so advanced was used in the completion of the buildings and the trustee executed a mortgage upon the premises to Mrs. Boon to secure the indebtedness. The cost of the buildings was not excessive and their erection proved beneficial to the property and to the *cestui que trust.*

*Held,* that the execution by the trustee of the mortgage to the wife of Walter A. Boon to secure the advances made by her was a valid exercise of the discretion conferred upon him by the will;

That the fact that the money so advanced had been disbursed by Walter A.
  Boon, instead of by the trustee, was not a proper subject of criticism, it
  appearing that the trustee was a practicing attorney, residing in the city of
  New York, while the said Walter A. Boon lived with his family in the city of
  Watertown.

APPEAL by the defendants, Maitland Boon and another, from a
judgment of the Supreme Court in favor of the plaintiff, entered in
the office of the clerk of the county of Jefferson on the 29th day of
August, 1901, upon the decision of the court, rendered after a trial
at the Jefferson Special Term, foreclosing a mortgage and directing
a sale of the mortgaged premises.

*Watson M. Rogers* and *John B. Rogers,* for the appellants.

*Henry Purcell,* for the respondent.

SPRING, J. :

Stephen Boon, a resident of the city of Watertown, in said
county, died on the 15th day of August, 1892, leaving an estate
chiefly of real property situate in said city of the value of about
$75,000, and leaving him surviving three children and two grand-
children, his only heirs at law. He executed his last will and testa-
ment, which was subsequently duly admitted to probate, bearing
date May 5, 1892. The purpose of the testator, as declared in the
1st clause of his will, was that he was " desirous of making an
equitable and proper distribution of my property at my decease."
And this purpose is quite manifest in the various provisions of his
will. The will creates certain trusts, one of which is found in the
8th clause, where he devises to his executor and trustee, Alvin S.
Hall, one of the defendants in this action, property situate on Court
street, in said city, " in trust nevertheless for the use, benefit and
maintenance of my son, Walter A. Boon, * * * and upon his
death the same to go to his heirs." By a subsequent provision he
empowered his said trustee with authority " to lease, mortgage or
sell any or all of the several pieces or portions of land so deeded to
him, whenever in his judgment may be necessary or proper in the
execution of said several trusts."

The land which was made the subject of the trust for the benefit
of Walter and his wife Ella, the plaintiff, was chiefly vacant prop-

erty situate in the heart of the city of Watertown, and was mainly unproductive. Walter, the son, was in dependent circumstances, possessing no other estate except what he derived from his father, and that was held in trust, as already stated. The entire gross revenue which the tract of land produced did not exceed eight dollars a week, and was subject to reduction from taxation and other necessary expenses. In 1893 the trustee, at the instance of said beneficiary, Walter A. Boon, and upon the stipulation of all the beneficiaries of the testator, except the appellant, Mrs. Allen, presented his petition to the Supreme Court for leave to execute a mortgage upon this property, the avails whereof were to be used in constructing a block of stores upon it with a view of renting. This petition was granted, and, pursuant to the order, a mortgage of $10,000 was executed to the Utica Orphan Asylum, although the order in terms provided that the loan be made of the Utica Savings Bank.

The avails of this loan were used in the construction of a large three-story building upon this lot, which comprised four stores, and the two upper stories have been used as residence flats, and since the completion of the building they have been leased, furnishing a net income each year of nearly $1,000. The money obtained from the mortgage was inadequate to pay for the erection of the building, and in order that it might not be left in an unfinished state the plaintiff in this action advanced to her husband, with the knowledge and consent of the trustee, $9,070, the whole amount of which was expended in the erection of said building. In 1894 the plaintiff had advanced $3,760, and the trustee had given a mortgage to secure that sum to the plaintiff, but the mortgage was not recorded. On the 6th day of January, 1898, the sums of money so advanced by the plaintiff, with interest thereon, amounted to $9,520, and a mortgage for that sum was given by the defendant Hall, as trustee, to secure that indebtedness, and which is the mortgage in suit.

The land occupied by the building, including a vacant space in its rear without any building upon it, is of the value of $4,000 or $5,000, but with the buildings upon it it is worth $25,000, and is productive, tenantable property.

In January, 1898, pursuant to an order of the court, another mortgage of $10,000 to the Watertown Savings Bank was executed by the trustee, the avails of which were used in paying and discharging

the preceding mortgage of $10,000, and the change was made in order to secure a reduction in the rate of interest.

The beneficiary, Walter A. Boon, died February 27, 1898, and his only son and lineal descendant died September 6, 1896. The heirs at law of Walter A. Boon were, therefore, his brothers and a nephew and a niece, all of whom are parties to this action.

It is quite apparent from the text of the will that it was the purpose of the testator to insure an income to his son Walter A., and of course it was the expectation that this property eventually would go to the latter's son. The authority vested in the trustee was to use this property for the benefit of these beneficiaries. That construction was evidently understood by the beneficiaries, at least with one exception, for they consented in writing to the execution of the mortgage upon these premises for the purpose of using the avails in the erection of the building upon them. Nor was there any design apparently on the part of these other beneficiaries of Stephen Boon to put any limitation upon the sum to be expended, for the petition asks for no specific sum, but the order of the court restricted the loan to the sum of $10,000. Again, it appears without controversy that this money advanced by the plaintiff was used in completing the building honestly and fairly. There is no suggestion that the expenditure was excessive, or that the building was extravagantly constructed, or that it was not in every way suitable for the purposes outlined in the petition to which they assented. It is clear, therefore, that the trustee was acting in perfect good faith in making out of this unproductive estate property that was income-bearing.

Considerable criticism is indulged because the expenditure of the money was made by Walter A. Boon, instead of by the trustee. The latter was a practicing lawyer residing in the city of New York, and Walter A. Boon lived with his family in Watertown; and while the building was in process of construction it was expected that the title would ultimately vest in his family. The trustee could not be expected to leave his business in New York and give personal direction to the construction of the building. He did, however, make the petition and knew of the expenditures and the manner of constructing the building. There is very little point to this criticism in view of the fact that there is no proof that the outlay was unwarranted in amount, and no suggestion that the expendi-

ture has not proven beneficial to the property, which has been constantly producing a good living revenue beyond every expense properly chargeable to the premises.

We do not subscribe to the contention of the counsel for the appellants that the trustee in incumbering this property transcended his power. The devise was primarily for the benefit and maintenance of his son, who was in straitened circumstances. The power to lease, mortgage or sell was to be exercised by the trustee whenever he deemed it "necessary or proper in the execution" of the trust. This property, therefore, was to be devoted to the support of this son and his wife. It fell far short of producing sufficient income to meet the necessities of these beneficiaries. An opportunity was presented which would enable the trustee to receive additional income in a measure adequate to maintain the son and still augment the value of the property to the extent of the outlay required in its improvement. He availed himself of it. If this had been an unproductive farm and petroleum was discovered in all contiguous territory in paying quantities, the trustee would not have exceeded his authority in the expending of principal for the development of the farm for oil. If vacant city property is unremunerative and by reason of the growth of the city may be rendered valuable and revenue producing by the erection of a tenantable building upon it, the trustee to whom has been committed its management may within reasonable limits and in good faith erect such buildings either from funds in his hands or by mortgaging the property for the purpose. (*Greason* v. *Keteltas*, 17 N. Y. 491, 500; *Smith* v. *Keteltas*, 62 App. Div. 174; *Stevens* v. *Melcher*, 152 N. Y. 551.)

The procrustean rule of the common law against expenditures of this kind has been relaxed somewhat (Chapl. Exp. Trusts & Powers, § 437), due probably to the rapid growth in cities and the necessity of covering vacant property with buildings.

In passing upon the power of a trustee to make any expenditure and improvement of a permanent character upon property committed to him, the controversy is always illuminated by the circumstances associated with the trust. In this case Walter, the beneficiary, was a son and with no means of gaining a livelihood. He had a wife and one son. The title of the property was in the trustee for

the purposes of the trust. He had, therefore, the control of it, with authority to lease, mortgage or sell, which was given him by the will. The property was in the business section of a growing city. With these facts to enlighten us, it is easy to spell out that it was the intention of the testator, if the trustee in the exercise of his good judgment deemed it prudent and judicious to make the property income-bearing, he was not to be fettered in the exercise of his discretion.

The land being largely unproductive, we must assume the testator had some object in view when he invested his trustee with plenary power " to lease, mortgage or sell " the property committed to him whenever he deemed it proper in the execution of the trust, which was to use and manage and devote the trust estate to the benefit and maintenance of Walter A. Boon and his wife. If the necessities of the beneficiary required the sale of this property, the trustee might do so without contravening his authority. If to support the beneficiary he deemed it essential to mortgage the trust estate, he would have been within the strict compass of his power in so doing. (*Rogers* v. *Rogers*, 111 N. Y. 228.)

If the whole estate included in this trust had been in good faith consumed in maintaining and for the benefit of Walter A. Boon, the ultimate takers would be remediless. The welfare of the son Walter was the pivot upon which this trusteeship revolved. Instead of exhausting the property the trustee has preserved it in its integrity for the heirs at law of Walter A. Boon, and increased its permanent value by the improvements made to the extent of the incumbrances, so his investment has proved to be a judicious one. He, therefore, has performed the primary purpose of his trust by maintaining Walter Boon and still retaining the *corpus* of the trust intact.

In regard to the original investment, all the beneficiaries who stipulated are estopped from questioning the authority of the trustee to execute the $10,000 mortgage. Mrs. Allen did not join in this stipulation, but it does not appear she ever disapproved of the investment, and she is not now assailing it. If the trustee, either by the terms of the will or with the assent of the beneficiaries, was given authority to erect a building upon this property, the exercise of that authority, by constructing the building as he did, may not be attacked

as long as he acted in good faith. If he possessed the discretion, its performance rested with him.

The judgment should be affirmed, with costs to the respondent.

McLENNAN, WILLIAMS, HISCOCK and DAVY, JJ., concurred.

Judgment affirmed, with costs.