(116 App. Div. 787)

### DOLAN et al. v. CUMMINGS.

(Supreme Court, Appellate Division, Second Department.  January 11, 1907.)

**1. DEEDS—VALIDITY—FRAUD—CONFIDENTIAL RELATIONS.**

Plaintiffs and defendant, who were brothers and sister, were tenants in common of certain land. Plaintiffs were ignorant of the market value of the land, which was well known to defendant, who, without disclosing that he had received an offer therefor, or its amount, purchased their interests for a sum much less than had been offered him. *Held* that defendant was guilty of fraud, warranting cancellation of deed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 165–174; vol. 45, Tenancy in Common, § 22.]

**2. SAME—MISREPRESENTATIONS—VALUE OF PROPERTY.**

Plaintiffs and defendant, who were brothers and sister, were tenants in common of certain land. Plaintiffs were ignorant of the market value of the land, which was well known to defendant. To induce plaintiffs to sell to him, defendant falsely represented that there were assessments to be made on the land for improvements; that he was running a great chance of ever getting his money out of it, and took it only as a favor; and that he was paying all the land was worth, upon which representations plaintiffs relied. *Held*, that defendant was guilty of fraud, warranting cancellation of deed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Deeds, §§ 165–174; vol. 45, Tenancy in Common, § 22.]

**3. FRAUD—FRAUDULENT REPRESENTATIONS—OPINION.**

Representations that there were to be assessments and sewers in streets adjoining land; that the purchaser was running a great chance of ever getting his money out of it, and took it only as a favor; and that he was paying all that the land was worth—are affirmations of fact, and not expressions of opinion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, §§ 12, 13.]

Appeal from Special Term, Kings County.

Action by Sarah Dolan and others against Michael Cummings. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Martin P. Lynch, for appellant.

George C. Case, for respondents.

RICH, J. Defendant appeals from a judgment, after trial by the court without a jury, adjudging that sales of real property by the plaintiffs to him be rescinded and that he reconvey the property. Prior to February, 1904, the parties, who are brothers and sister, each owned in fee simple, as tenants in common, the equal undivided one-fifth part of 8.25 acres of land in the county of Kings, devised to them by their father. The trial court has found upon sufficient evidence that the market value of the land in February, 1904, was $2,000 per acre, and defendant had been offered this sum for it by a bona fide purchaser on February 16th; that after receiving such offer the defendant went to his sister and brother (the plaintiffs) and purchased from them their respective interests, paying the brother $2,550 and the sister $2,500 therefor; that the conveyance of the plaintiff Cummings was made on February 19th, and that of Sarah Dolan on February 27th; that the defendant fraudulently concealed from his brother and sister the fact that he

had an offer of $2,000 per acre for the property, and at the time of the transfer the plaintiffs knew nothing of such offer, and unknowingly sold their interests in the property to the defendant at much less than its market value; that plaintiffs, upon discovering the fact that defendant had received such offer prior to their conveyance to him, offered to return to the defendant the consideration paid by him, with interest from the time of its payment, with the expenses incurred in preparing and recording their deeds, and offered to pay the expenses of a reconveyance, which offer was refused. As conclusions of law the learned trial court found that the defendant was guilty of fraud in concealing from the plaintiffs the fact that he had received an offer of $2,000 per acre at the time he purchased the property from them for much less, for which fraud the sales should be rescinded and the interests of the plaintiffs in said property reconveyed to them, and judgment was entered accordingly.

We think the findings of fact are supported by the evidence and the exceptions taken thereto are without merit. The only remaining question for our consideration is whether the learned trial court erred in finding, as matter of law, that the defendant was guilty of fraud in concealing from the plaintiffs the fact that he had received a bona fide offer of $2,000 per acre for the land prior to the time he purchased their interests for $1,550 less than the offer he had received and for which he could have sold the premises. The facts bring the case clearly within the rule, declared by the Court of Appeals to be well settled, that whenever the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality, but that either on the one side from superior knowledge of the matters derived from a fiduciary relation, or on the other from dependence or trust justifiably reposed, unfair advantage is rendered probable, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced and that all was open, fair, and understood. Cowee v. Cornell, 75 N. Y. 91–101, 31 Am. Rep. 428. This burden the defendant did not sustain. Not only was no affirmative evidence of this character given by him, but he did not deny that he told Kohart, the broker representing the person desiring to purchase, and who made the offer of $2,000 per acre, that he had better not see or go near the plaintiffs, because he could handle them better than the witness could; the testimony of his sister that he told her on February 18th that he had purchased his brother Nicholas' interest for $2,500 (which was untrue); that there were to be assessments and sewers in the streets, and it would be better for her to take $2,500 clear, and that he did not inform her of the offer made him for the land; or the testimony of his brother that he told him that in purchasing his interest in the property for $2,550 he was taking a great risk, running a great chance, that he didn't know as he would ever get his money out of it, but would do him (Nicholas) a favor and would take it, and that he did not inform him of the offer received.

A relation of confidence and trust existed between the parties. They were brothers and sister. The defendant had superior actual knowledge of the greater value of the land and of his ability to sell it for

$1,550 more than he was buying it for. He knew that the plaintiffs placed confidence in him and relied upon his statements to them, and under such circumstances the defendant was under a legal as well as moral obligation to disclose to them the fact that he had received a bona fide offer of $2,000 per acre for the premises he was purchasing of them. The withholding and purposely concealing such information was a fraud entitling the plaintiffs to the relief sought. Dambmann v. Schulting, 75 N. Y. 55–62. Besides this, the record discloses evidence of false representations by defendant affecting the value of the land, which were relied upon by plaintiffs to such an extent that no investigation was made by them to ascertain the actual value of the land. They were not opinions, but were affirmations of fact, and known by defendant to be false, and made with the intent and for the purpose of inducing his sister and brother to sell their interests in the land to him for much less than its actual value.

For these reasons, the judgment must be affirmed, with costs.

HIRSCHBERG, P. J., and WOODWARD and MILLER, JJ., concur.

GAYNOR, J. (concurring). The question whether the mere relation of tenancy in common creates a fiduciary relation among the tenants in respect of the common property seems to be unsettled. In the cases of Van Horne v. Fonda, 5 Johns. Ch. 388, Dickinson v. Codwise, 1 Sandf. Ch. 214, and Wells v. Chapman, 4 Sandf. Ch. 333, there were other elements besides the mere relation. The opinion of the lower court in the case of Graham v. Luddington, 19 Hun, 251, note, was in the affirmative, while the opinion of the three judges on appeal in the case of Streeter v. Shultz, 45 Hun, 406, was in the negative. In the case of Peck v. Peck, 110 N. Y. 64, 17 N. E. 383, there were also other elements. In the case of Abbey v. Wheeler, 85 Hun, 226, 32 N. Y. Supp. 1069, it was held that a suit for an accounting would not lie by a tenant in common against his co-tenant, on the ground that there was no fiduciary relation between tenants in common, and therefore nothing to give equity jurisdiction of such a suit. And so our cases in this state run. There is a diversity of opinion elsewhere. Mr. Bispham, however, in his scientific and altogether able treatise on the principles of equity enumerates the relation of tenants in common among those out of which arises ipso facto a fiduciary relation (section 93); and the case of Duff v. Wilson, 72 Pa. 442, warrants his text.

The present case not only brings the question up squarely, but shows that it ought to be decided in the affirmative.