In the Matter of the Judicial Settlement of the Accounts of FREDERICK F. SCHUMMERS and Others, as Executors, etc., of FRANC C. SCHUMMERS, Deceased.

GLADYS E. SCHUMMERS VON HOLD and Another, Appellants; FREDERICK F. SCHUMMERS and Another, as Executors, etc., of FRANC C. SCHUMMERS, Deceased, and Another, Respondents.

Fourth Department, September 17, 1924.

Wills — construction — trust arises where life estate to one executor is to be managed by him as executor — executors and administrators — accounting — executors may set up proper disbursements in management of property — will did not authorize investment of personal estate in land — executors may charge for repairing partially burned building, for price paid for building on land of estate taken by State, for moving building to unoccupied land, and for sidewalks built by direction of city — deduction for depreciation not allowed when not claimed — other improvements not chargeable — burden on executors to show that charges are proper — charge cannot be made for improvements made for benefit of tenants — deeds — delivery presumed where notary's signature as witness appears under words " sealed and delivered in the presence of."

A trust is created by a will which leaves all of the residuary estate to the husband of the testatrix for life and appoints the life tenant as one of the executors and directs that he shall, as such executor, have full control and management of the estate during his life, with full power and authority to sell and convey any and all of the real estate and to invest and reinvest the proceeds derived therefrom in certain specified securities.

The will did not specifically authorize the investment of the personal property of the estate or the proceeds arising from the sales of real estate in land and the law does not permit, ordinarily, an executor to invest personal estate in land or the construction of buildings thereon.

However, on the theory that a party who asks for equitable relief will be required to do what is equitable himself and where special circumstances give rise to strong equitable rights relief may be afforded, the executors are entitled to charge as permanent improvements, as distinguished from ordinary repairs, the amount expended in reconstructing a building that was partially burned and later in buying the same building from the State after the land had been appropriated for the Barge canal, and removing the building to an unoccupied lot and there fitting it for occupancy, since it appears that the executors acted wisely and made the improvements in good faith without loss to the estate.

Likewise the executors may charge, as a permanent improvement, the construction of a concrete sidewalk which was built pursuant to directions from the proper authorities of the city in which the land is located.

The remaindermen cannot demand deduction for depreciation where no evidence is offered on the subject and no demand therefor is made on the accounting.

But no equitable considerations are applicable to certain items in relation to repairs and changes made in other buildings for the purpose of keeping them in shape for occupancy by tenants nor the construction of sidewalks not shown to

have been directed by municipal authorities and such items are not properly chargeable by the executor.

Furthermore, the executors who have the burden of proving the validity of their charges will not be allowed to charge for certain items which were not established by substantial proof to relate to matters which the executors are entitled to charge against the remaindermen.

A deed executed by the testatrix in favor of one of the executors which was not recorded until many years after the death of the testatrix, will be presumed to have been delivered, since it appears that the notary public's signature, as a witness, was placed under the words " sealed and delivered in presence of."

APPEAL by Gladys E. Schummers Von Hold and another from certain parts of a decree of the Surrogate's Court of Monroe county, settling the accounts of the executors Frederick F. Schummers and Sabin C. Schummers, entered in the office of said surrogate on the 4th day of August, 1923.

*Cohn, Chormann & Franchot* [*Basil Robillard* of counsel], for the appellants.

*Clyde W. Knapp*, for the respondents.

SEARS, J.:

Franc C. Schummers died a resident of Monroe county on the 28th day of February, 1900. Her husband, the respondent Frederick F. Schummers, and four children, namely, the respondent Sabin C. Schummers, the appellants Margreta Schummers Van Wagnen and Gladys E. Schummers Von Hold, and also H. Irma Schummers Rosa, now deceased, survived her. She owned at the time of her death several pieces of real property, as to some of which she had only undivided interests, a mortgage for $5,000 on property owned by her husband and an interest in her father's estate. Her last will and testament contained the following clauses:

" *Second.* I give, devise and bequeath to my husband, Frederick F. Schummers, the use, during his natural life, of all the rest, residue and remainder of my property both real and personal and upon his death I give, devise and bequeath the same absolutely to my children Sabin C. Schummers, Margreta L. Schummers, H. Irma Schummers and Gladys E. Schummers, and to their heirs, to be divided equally between them, share and share alike.

" Likewise I hereby nominate and appoint my said husband, Frederick F. Schummers and my children Sabin C. Schummers and Margreta L. Schummers executors of this my last will and testament; and I hereby direct that my said husband, as such executor, shall have full control and management of all my estate, both real and personal, during his natural life, with full power and authority to sell and convey any and all the real estate of which I may die seized and he may deem for the best interests of my

estate; also with full power and authority to invest and reinvest the proceeds derived therefrom, or any other funds belonging to my estate, in bonds and mortgages or to deposit the same in any of the Rochester Savings Banks, as he may desire."

This will was duly probated and letters testamentary issued to the respondents and to the appellant Margreta Van Wagnen on the 19th day of April, 1900. On September 25, 1919, the appellant Gladys Von Hold, together with Irma Rosa, filed in the Surrogate's Court of Monroe county a petition praying the issuance of a citation to the executors to show cause why they should not file an account of their proceedings as executors. We need not mention the intermediate steps. The appellant Margreta Van Wagnen finally filed an account as executrix to the effect that she had received no property and disposed of none. Though objections were filed to this account of the appellant Margreta Van Wagnen by the respondents, executors, the decree of the surrogate overruled such objections and judicially settled such account as filed and no appeal has been taken from that part of the decree. In what is subsequently stated, therefore, Margreta Van Wagnen will not be considered as one of the executors but that term will be used to designate only the respondents. An account was filed by the respondents, the executors Frederick F. and Sabin C. Schummers. The appellants together with Irma Rosa filed objections to this account. Some of the objections were sustained but those which were overruled raise the questions which are involved in this appeal. Before the decree settling the account of the executors was entered, Irma Rosa died and the administrator of her estate appeared and consented to the entry of the decree and the administrator of her estate is, therefore, not a party appellant here.

In 1902 a building burned, which was on a piece of property, the title of an undivided half of which was in the estate. The executor Frederick F. Schummers received half of the entire insurance money. In 1903 part of one of the parcels was sold and the executor Frederick F. Schummers received the purchase price. Two years later a right of way for a power line was granted over some property owned by the estate and the executor Frederick F. Schummers received the consideration. In 1908 a part of one of the parcels was sold and the executor Frederick F. Schummers received the money. In 1913 the executor Frederick F. Schummers received compensation for land of the estate which was appropriated by the State of New York for Barge canal purposes, and again, in 1919, he received from the State another sum as consideration for an appropriation of other property. In 1916 a sum was received by him from the estate of Jeremiah Chadwick, the

father of the testatrix.   These sums so received aggregate $22,258.94, and it is the contention of the appellants that the account shows substantially no sums for which the executors are entitled to credit themselves as against this total, but that such sum (with a few minor deductions) constitutes the personal property now belonging to the estate.   The executors, however, contend that they are entitled to large credits for permanent improvements made to the remaining real property belonging to the estate.   It is, therefore, necessary to describe the transactions more fully.   The building which burned in 1902 was a frame structure with stores on the ground floor and offices upstairs.   After it was burned the respondent Frederick F. Schummers acquired individually the title to the other undivided half which was not owned by the estate.   After the fire Frederick F. Schummers rebuilt the ground floor of the structure with some changes, and in 1907 completed the parts not finished in 1902, changing the rooms upstairs from offices to living quarters.   About 1911 the State of New York appropriated the land on which this building stood and the building itself as well.   During that year the respondent, the executor Frederick F. Schummers, purchased the building which had thus been appropriated, for a comparatively small sum ($800), caused it to be moved to another situation on land which was also owned half by himself and half by the estate, caused cellars to be excavated and foundations to be laid, a brick veneer to be put over the structure and the same thoroughly rebuilt, and the upper story changed from living quarters to offices.   The respondents contend that all of these improvements were made in good faith, were wisely made with the knowledge of the appellants and were as to an undivided one-half for the benefit of the remaindermen, that is, the appellants and the respondent Sabin C. Schummers and Irma Rosa, and that the executors are entitled to credit upon their accounting for the expense of one-half of all of these improvements.

In the will the words " trust " and " trustee " are not used but the life interest given by the 1st paragraph quoted to Frederick F. Schummers is to be managed and controlled by him *as executor*. We construe the will as creating a trust in the executors for the benefit of Frederick F. Schummers for his life.   It was as executor and trustee that he was acting in the management of this property and he may set up in the executors' account, therefore, proper disbursements which he has made in managing the estate as such executor and trustee.   A trust will be implied if the intention to create one " can be fairly collected from the instrument." (*Matter of Ardrey*, 232 N. Y. 109.)

The will did not specifically or impliedly authorize the invest-

ment of the personal property of the estate or of the proceeds arising from the sales of real estate in land. The law does not tolerate such investment of the personal estate by executors and trustees. The construction of a building is considered in the same category with a purchase of land as an investment in real property. (*Stevens* v. *Melcher*, 152 N. Y. 551, 569.) Such investments must be justified in this case, if at all, on a theory not dependent on the power of management, control or investment specified in the will. " At common law a tenant in common or a tenant for life, who had made permanent improvements, as distinguished from ordinary repairs, upon the common property of his co-tenant or that of his remainderman, could not recover of his co-tenant or remainderman his expenditures for that purpose. Courts of equity, however, were more liberal, adopting the principle that a party who asks for equitable relief will be required to do what is equitable himself, and where special circumstances give rise to strong equitable rights, relief may be afforded." (*Stevens* v. *Melcher, supra,* 565; *Matter of Ardrey, supra; Boon* v. *Hall,* 76 App. Div. 520; *Sawyer* v. *Adams,* 140 id. 756.) A Surrogate's Court is governed by principles of equity as well as of law, is not prevented by any legal restriction from doing exact justice to any of the parties and may, therefore, give effect to such an equitable rule. (*Matter of Niles,* 113 N. Y. 547.) The evidence convinces us that these improvements were made in good faith, were well considered and wise. The testimony is uncontradicted that there has been no loss. It was evidently the testatrix's wish that her husband should enjoy the income from her real estate. There was no equitable conversion by the will. Through the fire in 1902 the building injured evidently became untenantable. It was necessary that it should be restored to obtain the income from it to which the respondent Frederick F. Schummers was entitled. In making restoration it was proper that the building should be made as productive as reasonably practicable. When the State appropriated the property, Frederick F. Schummers was thereby again deprived of the enjoyment of the rents. What was then done by him in the nature of a restoration of the *status quo?* When the building was offered at a low price he bought it, removed it to other vacant property, reasonably improved it and again enjoyed its rentals. The real estate still owned by the estate is improved by the same structures (though altered) as were standing on testatrix's property at the time of her death. These are special circumstances which justify the application of the equitable principle which we have referred to. The power to make the improvements and to charge them to the corpus of the estate on this accounting

finds justification, not in the terms of the will in relation to the management of the personalty, but in the nature of the beneficial provisions of the will and the character of the property itself. (*Smith* v. *Keteltas*, 62 App. Div. 174.) In making the improvements the respondent Frederick F. Schummers contracted on his own behalf. He could not bind the estate by an executory contract and it needed judicial approval before these expenditures could be recognized as estate expenditures and be allowed as credits to the executors. Until such judicial approval he should have kept the trust funds intact. (*Matter of Meng*, 188 App. Div. 69.)

The same principles are applicable to the construction of a cement sidewalk in front of the " pasture lot " laid pursuant to municipal order. While the improvements which have been mentioned were rightly found to be permanent and of benefit to the remaindermen's estate, they were subject to depreciation, and proper application of the principle which permits permanent improvements to be charged against the remaindermen, should limit such charges to the value of the improvements at the time the remaindermen would in the ordinary course of events finally come into enjoyment of them. (*Chamberlin* v. *Gleason*, 163 N. Y. 214.) No evidence was offered on the subject of depreciation and no point is made by the appellants that these expenditures (if allowed as credits to the executors) should be diminished by deducting proper sums for depreciation. It seems conceded, therefore, that if the cost of these permanent improvements may be treated as a credit to the executors the sums which have been properly proved may, without deduction, be credited to the executors upon their account.

No equitable considerations are applicable to the contested items in relation to repairs and changes made to the frame building on West avenue, to the repairs, changes and additions to the " frame block," to the addition to house No. 41 North street, or to the work at No. 56 North street, or at Sodus Bay, or to the construction of sidewalks not shown to have been ordered by municipal authorities, and all such items must be disallowed and the executors surcharged with the amount of such contested items. (*Cosgriff* v. *Foss*, 152 N. Y. 104.)

The appellants also object to many items of expenditure as not sufficiently established by the proof. The burden was upon the respondents to establish these expenditures. The rule in relation to vouchers for the payment of claims contracted by the deceased is not applicable here. The executors were not entitled to enter into business deals with the estate and could make no profit for themselves out of estate transactions. (*Matter of Peck*, 79 App.

Div. 296; affd., 177 N. Y. 538; *Matter of Lester*, 172 App. Div. 509.) The following items in the account are also disallowed as not established by substantial proof to relate to matters which the executors are entitled to charge against the remaindermen as above stated: F. I. Alliger, $514.93; Dwelle-Kaiser, $783.18; Fred F. Sabey, $73; Rochester Cabinet Company, $30.63; George D. Brown, $40.75; C. M. Lombard, $172.10, except as to $152.10 thereof which is allowed; William F. Maas, $19.20; car service, brick, $2; John Siddons, $8; labor, $5; Claude Coon, $40; Stubbings & Pilcher, $5.60. There should also be disallowed all items on the store accounts for rebuilding the block bearing a date after December 31, 1913, as well as all other expenditures on that structure after that date, for the reason that the respondent Frederick F. Schummers himself testified that many of the items after that date arose out of changes made in the property for the benefit of tenants which were not in the nature of permanent improvements. It is impossible to separate such items from those which might be considered to be for the benefit of the remaindermen.

Appellants also claim that the purchase price of a piece of property belonging to the estate has not been accounted for. To show that the property did not belong to the estate the respondents have produced a deed from the testator to the respondent Frederick F. Schummers dated March 8, 1897, and recorded April 27, 1918. The question relates to the delivery of this deed. As it runs to the respondent Frederick F. Schummers, an executor, the recording of it after the testatrix's death would seem not to be presumptive of delivery. But the deed was acknowledged before Henry A. Walker, a notary public, and was witnessed by him, his signature appearing under the words " sealed and delivered in presence of." This latter circumstance presumptively establishes delivery. (*Hulse* v. *Bacon*, 40 App. Div. 89; affd., 167 N. Y. 599.)

The provisions of the surrogate's decree requiring a bond and imposing upon the respondents the necessity of applying to the court before further exercising the power of sale, will sufficiently protect the remaindermen in the future.

The decree of the Surrogate's Court should be modified in accordance with this opinion and as modified affirmed, without costs of this appeal.

CLARK, DAVIS and CROUCH, JJ., concur; HUBBS, P. J., not sitting.

Decree of Surrogate's Court modified in accordance with the opinion, and as so modified affirmed, without costs of this appeal to either party.