In the Matter of the Petition of ELIZABETH AUSDEM BRUCH and DOROTHY HORNBY, Petitioners, Respondents, to Compel A. A. POTTER, as Executor, etc., of LORA HASTINGS, Deceased, to Render and Settle the Account of the Said LORA HASTINGS, as Administratrix, etc., of ROBERT HASTINGS, Deceased, Appellant.

Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes, J., dissents, with an opinion; McNamee, J., dissents, on the ground that the letter to Lora Hastings' attorneys was indefinite, and was based upon " some agreement " not stated and, therefore, the content of the agreement was a question of fact to be proved, and evidently the assignments were only steps in carrying out an undisclosed and underlying agreement. The decree is based on an agreement as found by the surrogate. I do not think the question of parol evidence is involved; neither do I believe the doctrine of fiduciary relation or dominating personality is in question. There appears to be no question of dominating influence.

RHODES, J. (dissenting). On May 16, 1928, Robert B. Hastings, a resident of Delaware county, died intestate, and letters of administration on his estate were issued to his daughter, Lora Hastings. Among his several descendants entitled to share in his estate were a daughter, Elizabeth Ausdem Bruch, and Dorothy Hornby, child of a deceased daughter of the intestate, the petitioners herein.

In the administration of the estate and pursuant to a land contract in which the deceased was grantor, the administratrix received a bond and mortgage for the sum of $6,800 payable to her as such administratrix.

Having filed a petition for the judicial settlement of her accounts, a decree was granted by the surrogate of Delaware county ratifying and confirming her act in accepting such bond and mortgage and adjusting and settling her accounts, by which it was decreed that there remained on hand for distribution $12,763.50, which included the bond and mortgage in question. The decree directed the

distribution of such amount by the administratrix, fixing the share of Elizabeth Ausdem Bruch at the sum of $2,534.67, the share of Dorothy Aikman Hornby at $1,267.37, and the individual share of the administratrix at $2,184.67.

Shortly thereafter the attorneys representing the administratrix wrote a letter to Mrs. Ausdem Bruch as follows: " In the settlement of your father's estate your share amounts to $2,534.60. We understood some arrangement was to be made whereby your sister Lora was to have the mortgage upon the farm. This mortgage amounts to $6,800 and if you and Ray each contribute $1,400 from your share and the girls each contribute $700 from their shares, the farm mortgage could be turned over to your sister Lora. We are writing the girls to this effect and we would appreciate an early reply from you in regard to the same."

In response Mrs. Ausdem Bruch wrote: " Your statement received. Thanks for the information. I am willing to contribute $1400 of my share of father's estate toward the mortgage upon the farm. I would like the balance $1,134.64 in cash on Jan. 2, 1931."

Following this she executed and delivered to the attorneys for the administratrix the following assignment: " For and in consideration of the sum of One Dollar to me in hand paid, by Lora Hastings, the receipt whereof is hereby acknowledged, I do hereby assign and transfer to the said Lora Hastings, the sum of $1400.00, and I do hereby authorize Lora Hastings, as Administratrix of the goods, chattels and credits of Robert B. Hastings, deceased, to pay the said sum to Lora Hastings from my distributive share of the estate of said Robert B. Hastings." She also executed and delivered to such attorneys a satisfaction of the decree whereby she recited that the provision wherein it was ordered and decreed that there be paid to her the sum of $2,534.67 " has been fully satisfied by the payment of said sum, the receipt whereof is hereby acknowledged, and I hereby authorize the same to be satisfied of record."

At about the same time Dorothy Aikman Hornby wrote the attorneys for the administratrix as follows:

" I have decided to sign the statement in which I agree to give over $700 to my aunt.

" If you will send the statement I will sign it at once."

Later she executed an assignment identical in terms with the assignment executed by Mrs. Ausdem Bruch, except that the amount stated therein was $700 and she also signed a satisfaction of the decree identical in language, except as to the amount, with that signed by Mrs. Ausdem Bruch. The balance of their respective shares over and above the amount attempted to be assigned to Miss Hastings was paid by check to Mrs. Ausdem Bruch and Mrs. Hornby.

Lora Hastings also signed a satisfaction of decree acknowledging receipt and payment of the sum of $2,184.67 decreed to be paid to her as her share of such estate, and after the transactions above recited she assigned the mortgage in question from herself as administratrix to herself individually.

A few years subsequent to these transactions she died, leaving a last will and testament, naming the appellant herein as executrix thereof, and later the petitioners herein filed a petition with the surrogate alleging the failure of Lora Hastings to render a final account of her proceedings as such administratrix and to make a final distribution of the assets of the estate of Robert B. Hastings, deceased.

An answer was interposed by such executor and a hearing was had, resulting in the decree now before us, directing the estate of Lora Hastings, as such administratrix, to pay to petitioners herein the amount of their respective distributive shares which they have not received.

On the trial, over objection, petitioners introduced evidence tending to establish oral agreements made between Lora Hastings and petitioners to the effect that Miss Hastings was to have the interest or income received from the mortgage during her lifetime, and that upon her death petitioners were to receive the amount of the estate assigned by them to Miss Hastings.

If the assignments made by petitioners to Lora Hastings were valid it is doubtful if oral testimony is competent to vary the terms of the assignments. While it is always competent to show that an assignment or conveyance absolute in form was only intended as security (*McMahon* v. *Macy*, 51 N. Y. 155), it has been held that such rule does not permit parol evidence to show that a conveyance absolute on its face was intended as a trust. (*Sturtevant* v. *Sturtevant*, 20 N. Y. 39; *Horn* v. *Keteltas*, 46 id. 605.)

The court below stated that he was reluctant to find that the agreement was as claimed by petitioners, but he indicated that he thought the assignments were void as against public policy under the rule that a trustee may not bargain with a beneficiary for personal advantage and to acquire the ownership of the beneficiary in trust property, citing *Carpenter* v. *Taylor* (164 N. Y. 171); *Matter of Schroeder, No. 1* (113 App. Div. 204); *Matter of DeVany* (147 id. 494); *Gugel* v. *Hiscox* (138 id. 61). (See, also, *Cowee* v. *Cornell*, 75 N. Y. 91, 100.)

Even if the facts in the present case do not bring it within the rule of the authorities cited, the administratrix certainly occupied a fiduciary position in relation to the petitioners, and in such a case the assignments were presumptively void and the burden rested upon the administratrix and those standing in her shoes to show affirmatively that all was fair, open, voluntary and well understood. (*Cowee* v. *Cornell, supra; Whitney* v. *Martine*, 88 N. Y. 535, 539; *Matter of Smith*, 95 id. 516; *Gugel* v. *Hiscox, supra; Dolan* v. *Cummings*, 116 App. Div. 787; affd., 193 N. Y. 638; *Matter of Fulton*, 253 App. Div. 494; *Moore* v. *Moore*, 5 N. Y. 256; *Matter of Schummers*, 210 App. Div. 296; *Matter of Peck*, 79 id. 296; affd., 177 N. Y. 538; *Matter of Lester*, 172 App. Div. 509.)

It was, therefore, competent to show the facts and circumstances surrounding and inducing the making of these assignments, and although no fraud or misrepresentation is shown on the part of the administratrix or those representing her, and no criticism or improper conduct is chargeable against her attorneys, there is sufficient evidence to establish that the assignments were made at the solicitation and inducement of the administratrix, and that it was not the intention of the parties that Miss Hastings was to have the absolute title to the shares of petitioners purported to be assigned to her, but that at most she was to be permitted to retain and have the use thereof during her lifetime.

Even if there was no valid and enforcible agreement on the part of Miss Hastings to see that the shares of petitioners in the Hastings estate remaining in her hands should at some time be paid to them, from the fiduciary relationship, the intention of the parties, and the inequity which has resulted, there arises an implied obligation to repay, based upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. (*Miller* v. *Schloss*, 218

N. Y. 400; *Pink* v. *Title Guarantee & Trust Co.*, 274 id. 167; *Foreman* v. *Foreman*, 251 id. 237.)

A point raised by appellant is that the rights of petitioners sought to be enforced herein are dependent upon a trust *inter vivos* and that the Surrogate's Court has no jurisdiction of such a trust, citing *Matter of Lyon* (266 N. Y. 219). That is not the situation here. The petitioners seek payment of a portion of their distributive shares in the estate of Robert Hastings; it is undisputed that neither has received full payment of her share. Whether they have assigned their interest or whether they have any remaining interest in the estate is a matter the surrogate has power and jurisdiction to determine. (Surr. Ct. Act, § 40; *Hull* v. *Hull*, 225 N. Y. 342.)

Appellant also claims that the proceeding herein is barred by the Statute of Limitations and that there is a non-joinder of the parties interested in this proceeding in that beneficiaries under the will of Lora Hastings have not been made parties. As to these objections the surrogate reached the proper conclusion.

The decree should be affirmed, with costs.