■ MIRIAM A. COLLYMORE, Appellant, v SECRETARY OF HOUS-ING AND URBAN DEVELOPMENT et al., Defendants, and N.Y. CITY FINANCE DEPARTMENT et al., Respondents. [803 NYS2d 123]—

In an action to recover damages for conversion, wrongful eviction, and injury to property, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated January 12, 2004, as granted the motion of the defendant N.Y. City Finance Department to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), granted that branch of the separate motion of the defendant Mid-Island Equities Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the separate motion of the defendant Lucien Zarnowski which was for summary judgment dismissing the complaint insofar as asserted against him, and granted the separate motion of the defendant Joseph Gusmorino for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly dismissed the complaint insofar as asserted against the defendants Mid-Island Equities Corp., Lucien Zarnowski and Joseph Gusmorino on the ground that the action was time-barred. The statute of limitations applicable to actions alleging conversion and legal malpractice is three years (see CPLR 214 [3], [4], [6]; Matter of King, 305 AD2d 683 [2003]; N&S Supply v Simmons, 305 AD2d 648, 649 [2003]). The complaint alleges that the defendants, one of whom was the plaintiff's closing attorney, converted her loan proceeds on August 27, 1993. The plaintiff did not commence the instant action until July 28, 2003. This clearly falls outside the applicable statutes of limitations.

The Supreme Court also properly granted the motion of the defendant N.Y. City Finance Department to dismiss the complaint insofar as asserted against it for failure to state a cause of action pursuant to CPLR 3211 (a) (7). The complaint failed to allege any cognizable cause of action against that defendant (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Cayuga Partners v 150 Grand, 305 AD2d 527 [2003]).

In view of the foregoing, we do not reach the parties' remaining contentions. H. Miller, J.P., Santucci, Goldstein and Dillon, JJ., concur.