■ YVONNE HAYES, Appellant, v NACHELLE WILSON et al., Respondents. [807 NYS2d 567]—In an action to recover damages for breach of contract and legal malpractice, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Kings County (Kramer, J.), dated August 25, 2004, as granted that branch of the motion of the defendant Nachelle Wilson which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7), and (2) an order of the same court dated January 5, 2005, as granted that branch of the motion of the defendant Claude C. Ramsey III which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (7).

Ordered that the order dated August 25, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 5, 2005, is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Claude C. Ramsey III which was to dismiss the complaint insofar as asserted against him is denied, and the complaint is reinstated insofar as asserted against that defendant; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Claude C. Ramsey III.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the factual allegations of the complaint as true and accord the plaintiff all favorable inferences which may be drawn therefrom (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). If the plaintiff can succeed upon any reasonable view of the allegations, the cause of action may not be dismissed (*see Board of Educ. of City School Dist. of City of New Rochelle v County of Westchester*, 282 AD2d 561, 562 [2001]). Under this standard, the plaintiff's complaint failed to sufficiently plead a cause of action against the defendant Nachelle Wilson. Accordingly, that branch of Wilson's motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (7) was properly granted (*see* General Obligations Law § 5-703 [2]; *Sabetfard v Smith*, 306 AD2d 265 [2003]; *Collymore v Secretary of Hous. & Urban Dev.*, 22 AD3d 703 [2005]).

However, the complaint sufficiently pleaded a cause of action to recover damages for legal malpractice against the defendant Claude C. Ramsey III. Accordingly, that branch of Ramsey's motion which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (7) should have been denied.

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Schmidt, J.P., Mastro, Spolzino and Covello, JJ., concur.