■ GEM SERVICES OF NEW YORK, INC., Doing Business as GEM SERVICES CORP., Respondent, v UNITED GENERAL TITLE INSURANCE COMPANY, Appellant. [814 NYS2d 653]—

In an action to recover damages, inter alia, for the negligent failure to timely record a mortgage, the defendant appeals from an order of the Supreme Court, Richmond County (Giacobbe, J.), dated January 13, 2005, which, among other things, denied those branches of its motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) and 3212.

Ordered that the order is affirmed, with costs.

On a motion to dismiss an action pursuant to CPLR 3211 (a) (7), the court must accept the factual allegations of the complaint as true, accord the plaintiff all favorable inferences which may be drawn therefrom, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Hayes v Wilson,* 25 AD3d 586 [2006]; *Sinensky v Rokowsky,* 22 AD3d 563 [2005]). Furthermore, "[u]nder CPLR 3211 a trial court may use affidavits in its consideration of a pleading motion to dismiss" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 635 [1976]; *see Fay Estates v Toys "R" Us, Inc.,* 22 AD3d 712 [2005]). Here, the plaintiff's allegations that the defendant, through its agent, undertook to record the plaintiff's mortgage, but failed to do so in a timely manner, state a cognizable cause of action to recover damages for negligence which is independent of the parties' contract of insurance (*see Cruz v Commonwealth Land Tit. Ins. Co.,* 157 AD2d 333 [1990]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the complaint pursuant to CPLR 3212. The defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence demonstrating, inter alia, that it exercised due care with respect to the recording of the mortgage.

The defendant's remaining contentions are without merit. Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.