Marvin Rosenthal, Appellant,
against
Hudson Valley Federal Credit Union, Respondent.




Marvin Rosenthal, appellant pro se.
McCabe & Mack, LLP (Sarah N. Wilson of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Fishkill, Dutchess County (Michael A. Martin, J.), entered June 4, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
At a nonjury trial in this small claims action to recover the principal sum of $750, it was undisputed that, in 2013, defendant credit union had erroneously cashed a fraudulently endorsed $750 check that had been issued by an insurance company for dental services plaintiff had provided, which check had been payable to plaintiff's professional services corporation; that plaintiff had only become aware of that transaction in 2015; and that plaintiff had commenced this action in 2017, more than three years after defendant had cashed the fraudulently endorsed check.[FN1]
Defendant contended that plaintiff's cause of action was time-barred. Plaintiff asserted, [*2]however, that because the patient on whose behalf the insurance check had been issued had had an ongoing account in his office, he had not had a reason to discover the problem earlier than 2015 despite his exercise of reasonable diligence. He claimed that his action was not time-barred because he had commenced it within two years of his discovery of the fraudulent endorsement and defendant's error in honoring and cashing the check. Plaintiff also contended that he had a cause of action for fraud, which was governed by a six-year statute of limitations. The Justice Court implicitly concluded that plaintiff's only cause of action was for conversion and dismissed the action, finding that it was barred by the statute of limitations.

Defendant's cashing of the check payable to plaintiff's professional services corporation on a forged endorsement constituted a conversion (see UCC 3-419 [1] [c]; see also Mouradian v Astoria Fed. Sav. & Loan, 91 NY2d 124, 128 [1997]). Conversion is subject to a three-year limitations period (see CPLR 214 [3]; see also Collymore v Secretary of Hous. & Urban Dev., 22 AD3d 703 [2005]). "[A]ccrual runs from the date the conversion takes place and not from discovery or the exercise of diligence to discover" (Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44-45 [1995] [internal citation omitted]; see Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1083 [2019]). Since it is uncontested that defendant made the payment upon a forged endorsement more than three years prior to the commencement of this action, plaintiff's cause of action for conversion was properly dismissed as time-barred. 

Moreover, even assuming, as plaintiff contends, that he had a separate cause of action against defendant premised on defendant's negligence, it too is subject to a three-year statute of limitations (see CPLR 214 [4], [5]), and accrued as soon as all of its elements could have been truthfully alleged in a complaint (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 140 [2009]; Union St. Tower, LLC v First Am. Tit. Co., 161 AD3d 919, 920 [2018]), rather than when it was discovered (cf. Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; Schrull v Weis, 166 AD3d 829, 831 [2018]). Here, defendant's alleged negligence occurred, if at all, when defendant cashed the check bearing a forged endorsement, which was more than three years prior to the commencement of this action. Thus, any claim plaintiff may have had for negligence was time-barred.

Turning to plaintiff's allegation of fraud, we note that, although such a cause of action is subject to a six-year statute of limitations (see CPLR 213 [8]), plaintiff failed to establish that defendant had committed any of the elements of fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Mitchell v Diji, 134 AD3d 779, 780 [2015]). Plaintiff also failed to establish that he had any other cause of action against defendant for which the period of limitations could be extended by two years from the time when the underlying facts could, with reasonable diligence, have been discovered (see CPLR 203 [g]). Thus, the Justice Court properly concluded that plaintiff's cause of action against defendant was time-barred.

In view of the foregoing, we find that the Justice Court's dismissal of the action rendered substantial justice between the parties according to the rules and principles of substantive law (see UJCA 1804, 1807; see also Cerio v Charles Plumbing & Heating, 87 AD2d 972 [1982]).

Accordingly, the judgment is affirmed.

TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: May 09, 2019



Footnotes

Footnote 1: To the extent that an issue may have existed as to plaintiff's standing to bring this action, we note that defendant failed to raise plaintiff's standing at any point in this litigation, and thus waived the issue (see CPLR 3211 [a] [3], [e]; see also Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176, 1177-1178 [2015]; Lambert v Delta Air Lines, 48 Misc 3d 137[A], 2015 NY Slip Op 51137[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).