Vaughan v Mouton (2021 NY Slip Op 50159(U))

[*1]

Vaughan v Mouton

2021 NY Slip Op 50159(U) [70 Misc 3d 143(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2019-1795 RI C

Cheryl Vaughan, Appellant,
against
Debra Casertano Mouton, Respondent. 

Richard A. Rosenzweig, P.C. (Richard A. Rosenzweig of counsel), for appellant.
Jacobi, Sieghardt, Bousanti, Piazza & Fitzpatrick, P.C. (Mark Piazza of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Sharon
A. Bourne-Clarke, J.), entered October 4, 2019. The order denied plaintiff's motion to compel
discovery and granted defendant's cross motion for summary judgment dismissing the
complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in January 2019 against defendant, her sister, to recover the
sum of $9,913.68. The complaint stated that the parties' mother passed away in April 2008, that
defendant forged plaintiff's signature on a death benefit check issued to plaintiff by the New
York City Employees Retirement System (NYCERS), and that defendant deposited the funds in
her own account, while fraudulently concealing these actions from plaintiff. It is uncontroverted
that plaintiff filled out and signed the notarized form requesting the death benefit from NYCERS
in 2008, that she requested that the check be sent by mail to defendant's address, and that plaintiff
took no further action for over a decade.
Plaintiff moved to compel discovery and defendant cross-moved for summary judgment
dismissing the complaint on the ground that the action is barred by the statute of limitations. By
order entered October 4, 2019, the Civil Court denied plaintiff's motion and granted defendant's
cross motion.
Defendant's alleged cashing of the NYCERS check payable to plaintiff on an endorsement
allegedly forged by defendant constitutes a cause of action sounding in conversion (see
UCC 3-419 [1] [c]; see also Mouradian v Astoria Fed. Sav. & Loan, 91 NY2d 124,
128 [1997]). Conversion is subject to a three-year limitations period (see CPLR 214 [3];
see also Collymore v Secretary of Hous. & Urban Dev., 22 AD3d 703 [2005]).
"[A]ccrual runs from the [*2]date the conversion takes place and
not from discovery or the exercise of diligence to discover" (Vigilant Ins. Co. of Am. v
Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44-45 [1995] [citation omitted]; see
Obstfeld v Thermo Niton Analyzers, LLC, 168 AD3d 1080, 1083 [2019]). Since it is
uncontested that these acts occurred more than three years prior to the commencement of this
action, plaintiff's cause of action, insofar as it is based on conversion, was properly dismissed as
time-barred.
Even if, as defendant's cross motion for summary judgment assumes, plaintiff's complaint
sufficiently alleges a cause of action for fraud (see 60A NY Jur 2d, Fraud and Deceit
§ 98; Dolan v Cummings, 116 App Div 787 [1907], affd 193 NY 638
[1908]), "the time within which [that cause of] action must be commenced [is] the greater of six
years from the date the cause of action accrued or two years from the time the plaintiff . . .
discovered the fraud, or could with reasonable diligence have discovered it" (CPLR 213 [8]). The
alleged fraud here, that defendant converted the check without disclosing that fact to her sister,
took place in 2008. Since plaintiff requested that the check be delivered to defendant, she knew
or should have known shortly thereafter that she had not received the funds, and, with reasonable
diligence, could have discovered the alleged fraud at that time. As plaintiff commenced this
action 11 years later, any cause of action based on fraud is likewise time-barred.
In light of this court's determination, so much of plaintiff's appeal as challenges the denial of
her motion to compel discovery has been rendered moot.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021