■ RAY A. ELLIOTT, JR., Respondent, v ANDREW C. JACOBS, Appellant. [634 NYS2d 267] —Spain, J. Appeal from an order of

the Supreme Court (Harris, J.), entered May 18, 1994 in Albany County, which, *inter alia*, denied defendant's cross motion to dismiss the complaint.

In April 1984, plaintiff, a physician, retained defendant, an attorney, to represent him in a legal malpractice action against a different attorney who had been hired by plaintiff to represent him in a medical malpractice action. Plaintiff paid defendant a $10,000 retainer fee. Thereafter, although defendant did actually serve a summons and complaint in the malpractice action, plaintiff ultimately terminated the attorney-client relationship with defendant because of inordinate delays allegedly caused by defendant and other problems in instituting the suit. Plaintiff unsuccessfully demanded the return of the $10,000 retainer. Plaintiff retained other counsel and the consent to change attorneys was executed by plaintiff on February 4, 1988. Subsequently, in January 1992, plaintiff commenced an action against defendant seeking the return of the retainer fee and also counsel fees and expenses. He also sought damages in the amount of $100,000 for "defendant's unexcusable and negligent behavior in handling plaintiff's action", which resulted in it being "impossible for plaintiff to continue with his original cause of action and ultimately [led] to the withdrawal of that action". Plaintiff moved for a default judgment against defendant and defendant cross-moved for dismissal of the complaint on the ground of, *inter alia*, Statute of Limitations. Supreme Court denied both motions* and, with respect to the Statute of Limitations issue, ruled that plaintiff's claims fell within the six-year Statute of Limitations for contract claims (CPLR 213 [2]). This appeal by defendant followed.

Although defendant does not dispute that plaintiff's claim seeking return of the retainer fee sounds in contract, he argues here that, to the extent that plaintiff's complaint also alleges "negligence" on his part, it is actually stating a cause of action for legal malpractice, which is governed by a three-year Statute of Limitations (CPLR 214 [6]). Thus, since plaintiff's action was commenced more than three years after defendant's representation of plaintiff was terminated, defendant maintains that the claim seeking damages for defendant's allegedly negligent conduct should have been dismissed.

---

* Supreme Court's disposition was stayed pending the outcome of an identical action involving the parties before a different Supreme Court Justice. Since that action was dismissed upon jurisdictional grounds, the stay in this action was apparently vacated.

Upon examining the record and the relevant case law, we must conclude that plaintiff's claim seeking $100,000 from defendant because he allegedly caused the "forfeiture" or withdrawal of plaintiff's prior action should have been dismissed. An examination of the retainer agreement between the parties indicates that defendant was hired to commence a lawsuit on plaintiff's behalf, conduct any settlement negotiations and represent plaintiff at trial, if necessary. While the allegations in plaintiff's complaint may fit within the rule that "[a] cause of action for breach of contract may be based on an implied promise to exercise due care in performing the services required by the contract" (*Santulli v Englert, Reilly & McHugh*, 78 NY2d 700, 705), the Court of Appeals has also stated that the choice of the applicable Statute of Limitations relates properly "to the remedy sought rather than to the theory of liability" (*supra*, at 708). Here, instead of articulating damages "customarily recoverable under a breach of contract claim" (*supra*, at 709), plaintiff instead vaguely requests $100,000 because of the alleged "forfeiture" or withdrawal of the prior action. Since this claim sounds in legal malpractice, we conclude that it must be dismissed as untimely.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's cross motion to dismiss the claim seeking $100,000; cross motion granted to that extent and said claim dismissed; and, as so modified, affirmed.