■ MARY DANIELS, Appellant, v MICHAEL A. LEBIT et al., Respondents. [749 NYS2d 149] —In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated August 14, 2001, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that upon the execution of a consent to change attorney form on November 10, 1997, the defendants ceased to represent the plaintiff (*see Wester v Sussman*, 287 AD2d 618; *Elliott v Jacobs*, 221 AD2d 889). The continuous representation doctrine does not apply since there is no evidence of any ongoing, continuous, developing, and dependent relationship between the plaintiff and the defendants after that date (*see Piliero v Adler & Stavros*, 282 AD2d 511; *Wester v Sussman, supra*; *Goicoechea v Law Offs. of Stephen R. Kihl*, 234 AD2d 507). Accordingly, the cause of action alleging legal malpractice is barred by the statute of limitations (*see* CPLR 214 [6]).

Additionally, the plaintiff's causes of action alleging breach of contract, breach of fiduciary duty, and fraudulent misrepresentation were properly dismissed by the Supreme Court as they are duplicative of the legal malpractice cause of action. Those causes of action arise from the same facts as the malpractice claim, and do not allege distinct damages (*see Mecca v Shang*, 258 AD2d 569, 570; *Sage Realty Corp. v Proskauer Rose*, 251 AD2d 35, 38-39; *see also Boyd v Gering, Gross & Gross*, 226 AD2d 489). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.