■ Louis Barbieri, Appellant, v Shayne, Dachs, Stanisi, Corker, & Sauer, Respondent. [757 NYS2d 583] —In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated March 12, 2001, which, inter alia, granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

An action to recover damages for legal malpractice must be commenced within three years of the accrual of the claim (see CPLR 214 [6]; *Carnevali v Herman,* 293 AD2d 698 [2002]), and such a claim accrues when the malpractice is committed, not when it is discovered (see *Santulli v Englert, Reilly & McHugh,* 78 NY2d 700 [1992]). Here, the act of malpractice would have occurred during the underlying civil trial which ended on January 23, 1995. Contrary to the plaintiff's contention, absent any applicable tolling provisions, he had three years from January 23, 1995, to commence a timely action (see *generally Brothers v Florence,* 95 NY2d 290 [2000]). The Supreme Court properly concluded that neither the doctrines of continuous representation (see *Shumsky v Eisenstein,* 96 NY2d 164 [2001]; *Pellati v Lite & Lite,* 290 AD2d 544 [2002]) nor estoppel (see *Simcuski v Saeli,* 44 NY2d 442 [1978]; *Julian v Carroll,* 270 AD2d 457 [2000]), tolled the statute of limitations to the extent necessary to render the commencement of this action timely (see *Daniels v Lebit,* 299 AD2d 310 [2002]. Accordingly, the defendant's motion to dismiss was properly granted (see *Gravel v Cicola,* 297 AD2d 620 [2002]).

The plaintiff's remaining contentions are academic in light of our determination herein. Smith, J.P., McGinity, Cozier and Mastro, JJ., concur.