■ JO-ANN VENTURELLA-FERRETTI, Appellant, v BENJAMIN KINZLER, Respondent. [762 NYS2d 254] —In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered February 21, 2002, which granted the defendant's motion, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

A cause of action for legal malpractice accrues when the malpractice is committed, not when it is discovered, and an action to recover damages therefor must be commenced within three years of accrual (*see McCoy v Feinman,* 99 NY2d 295, 301 [2002]; *cf. Shumsky v Eisenstein,* 96 NY2d 164, 166 [2001]; *Barbieri v Shayne, Dachs, Stanisi, Corker & Sauer,* 304 AD2d 512 [2003]; *Carnevali v Herman,* 293 AD2d 698 [2002]). A defendant seeking dismissal of a legal malpractice claim as time-barred pursuant to CPLR 3211 (a) (5) bears the initial burden of proving, prima facie, that the time in which to commence an action has expired (*see Gravel v Cicola,* 297 AD2d 620, 621 [2002]).

Here, the alleged malpractice accrued when the defendant failed to draft a proposed visitation schedule for possible inclusion in the plaintiff's judgment of divorce prior to it being signed by the issuing judge. Since the instant action was not commenced within three years after accrual, and the statute of limitations was not tolled, the action was untimely when commenced (*see Barbieri v Shayne, Dachs, Stanisi, Corker & Sauer, supra; Carnevali v Herman, supra; Dignelli v Berman,* 293 AD2d 565, 566 [2002]; *Piliero v Adler & Stavros,* 282 AD2d 511 [2001]).

The plaintiff's remaining contentions are without merit. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.