In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 11, 2002, as granted the motion of the defendants Handwerker, Marchelos & Gayner and Steve Marchelos, and the separate motions of the defendants Michael Handwerker and Charles J. Gayner, to dismiss the cause of action to recover damages for legal malpractice insofar as asserted against them on the ground that it is barred by the statute of limitations.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The Supreme Court properly determined that, upon the execution of a consent to change attorney form on November 5, 1998, the law firm of Handwerker, Marchelos & Gayner ceased to represent the plaintiff (see Wester v Sussman, 287 AD2d 618 [2001]; Elliott v Jacobs, 221 AD2d 889 [1995]). The continuous representation doctrine does not apply since there is no evidence of an ongoing, continuous, developing, and dependent relationship between the plaintiff and the law firm after that date (see Piliero v Adler & Stavros, 282 AD2d 511, 512 [2001]; Wester v Sussman, supra). Accordingly, the cause of action alleging legal malpractice is barred by the statute of limitations (see CPLR 214 [6]). Altman, J.E, Florio, Friedmann and Mastro, JJ., concur.