■ Dorothy Shivers, Appellant, v Steven Siegel, Respondent. [782 NYS2d 752]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated October 10, 2003, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

The three-year statute of limitations in a legal malpractice action (*see* CPLR 214 [6]) runs from the time of the alleged malpractice, not from when it is discovered (*see McCoy v Feinman*, 99 NY2d 295, 301, 305 [2002]; *Alicanti v Bianco*, 2 AD3d 373, 374 [2003], *lv denied* 3 NY3d 602 [2004]; *Venturella-Ferretti v Kinzler*, 306 AD2d 465, 466 [2003]). Here, the plaintiff's legal malpractice claim accrued no later than November 1998, when she discharged the defendant as her attorney (*see Daniels v Lebit*, 299 AD2d 310 [2002]; *Wester v Sussman,* 287 AD2d 618 [2001]).

The Supreme Court properly determined that the legal malpractice cause of action was time-barred since the plaintiff commenced this action more than three years after her attorney-client relationship with the defendant ended (*see Daniels v Lebit, supra; Wester v Sussman, supra*).

Similarly, the Supreme Court properly dismissed the cause of action alleging breach of contract as it was duplicative of the malpractice claim and arose from the same facts as that claim (*see Daniels v Lebit, supra; Levine v Lacher & Lovell-Taylor*, 256 AD2d 147,151 [1998]).

The plaintiff's remaining contention is without merit. Smith, J.P., Crane, Cozier and Lifson, JJ., concur.