■ Howard G. Gelfand, Appellant, v John P. Oliver, Respondent. [815 NYS2d 249]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 13, 2004, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was to dismiss the cause of action to recover damages for legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff, and the cause of action to recover damages for legal malpractice is reinstated.

The defendant formerly represented the plaintiff in connection with the sale of certain residential property in Head of the Harbor. In his complaint, the plaintiff alleged that the defendant, inter alia, mishandled the eviction of tenants by, among other things, commencing a landlord-tenant proceeding in the wrong court, thereby unnecessarily delaying the closing of the transaction and resulting in increased costs and expenses. Taking these allegations as true and according the plaintiff the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Dodge v King*, 19 AD3d 359, 360 [2005]), we find that they state a legally cognizable cause of action to recover damages for legal malpractice (*see Gamiel v Curtis & Riess-Curtis, P.C.*, 16 AD3d 140, 141 [2005]; *see also Hayes v Wilson*, 25 AD3d 586 [2006]).

Under the circumstances, the defendant's contention that any delay caused by his actions was de minimis cannot be resolved on a motion pursuant to CPLR 3211 (a) (7), and must await further development of the record (*cf. Simons v Greenberg*, 299 AD2d 265 [2002]).

The Supreme Court properly dismissed the cause of action to recover damages for breach of contract, however, as it was duplicative of the legal malpractice cause of action (*see Shivers v Siegel*, 11 AD3d 447 [2004]; *Ferdinand v Crecca & Blair*, 5 AD3d 538, 539 [2004]). Ritter, J.P., Goldstein, Fisher and Lunn, JJ., concur.