■ ST. STEPHENS BAPTIST CHURCH, INC., Appellant, v STANLEY P. SALZMAN, Respondent. [830 NYS2d 248]—

In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated

January 5, 2006, as granted those branches of the defendant's motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (a) (7) and denied that branch of its cross motion which was to disqualify the defendant's counsel.

Ordered that the order is affirmed insofar as appealed from, with costs.

A cause of action to recover damages for legal malpractice accrues on the date the alleged malpractice was committed, not when it was discovered (*see Shumsky v Eisenstein*, 96 NY2d 164, 166 [2001]; *Glamm v Allen*, 57 NY2d 87, 95 [1982]; *Sommers v Cohen*, 14 AD3d 691, 692 [2005]; *Barbieri v Shayne, Dachs, Stanisi, Corker, & Sauer*, 304 AD2d 512 [2003]). This legal malpractice action arises out of the defendant's alleged failure to defend the plaintiff in an underlying arbitration proceeding resulting in a default judgment against it. As the time to file an answer in the underlying proceeding expired on October 22, 2001, the plaintiff's cause of action accrued on that date (*see Glamm v Allen, supra* at 93; *Williams v Lindenberg*, 24 AD3d 434 [2005]; *Sommers v Cohen, supra*). This action was commenced on April 25, 2005, more than three years later, and therefore was time-barred (*see* CPLR 214 [6]).

The plaintiff's remaining contentions are academic in light of our determination. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.