■ Scott Campbell, Respondent, v Timothy Tamsen et al., Appellants. [830 NYS2d 338]—

In an action, inter alia, to recover damages for legal malpractice and breach of contract, the defendant Timothy Tamsen appeals, and the defendants Michael Forrester, Sol Lesser, Barry Silver, and Silver, Forrester, Schisano, Lesser & Dreyer, formerly known as Silver, Forrester, Schisano, Lesser & Tamsen separately appeal, from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 17, 2005, which denied the joint motion of the defendant Timothy Tamsen and the defendants Michael Forrester, Sol Lesser, Barry Silver, and Silver, Forrester, Schisano, Lesser & Dreyer, formerly known as Silver, Forrester, Schisano, Lesser & Tamsen, for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the joint motion for summary judgment dismissing the complaint is granted.

The plaintiff alleges, inter alia, that the defendants committed legal malpractice by failing to file a respondent's brief on his behalf on an appeal to this Court from a judgment of divorce in an underlying action entitled *Campbell v Campbell*, commenced in the Supreme Court, Dutchess County, under index No. 000849/98 (*see Campbell v Campbell*, 286 AD2d 467 [2001]).

The appellants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiff would not have been successful on the appeal in the underlying

action even if they had performed the tasks enumerated by the plaintiff in his complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Cohen v Law Offs. of Leonard & Robert Shapiro*, 18 AD3d 219, 220 [2005]; *Spano v Love & Balducci*, 221 AD2d 992 [1995]; *Flinn v Aab*, 167 AD2d 507 [1990]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the legal malpractice cause of action.

In addition, the Supreme Court should have granted summary judgment dismissing the plaintiff's remaining causes of action as duplicative of the legal malpractice cause of action (*see Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 749 [2006]; *Ferdinand v Crecca & Blair*, 5 AD3d 538, 539 [2004]). Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.