■ YELENA KVETNAYA, Appellant, v MARINO TYLO, Respondent. [854 NYS2d 425]—

The plaintiff commenced this action against the defendant to recover damages for legal malpractice, breach of contract, and breach of fiduciary duty in connection with the defendant's representation of her in a prior matrimonial action. The plaintiff claims that the defendant failed to properly advise her of her rights to equitable distribution and failed to advise her of a

purported conflict of interest in connection with the preparation of a stipulation of settlement in the matrimonial action. The defendant moved to dismiss the complaint, contending, inter alia, that the legal malpractice cause of action was time-barred.

An action to recover damages for legal malpractice must be commenced within three years after accrual (*see* CPLR 214 [6]; 203 [a]). Pursuant to the continuous representation doctrine, the statute of limitations to recover damages for legal malpractice is tolled while the attorney continues to represent the client as to the same matter underlying the malpractice claim (*see Shumsky v Eisenstein,* 96 NY2d 164, 167-168 [2001]). "The continuous representation doctrine tolls the statute of limitations where 'there is a mutual understanding of the need for further representation on the specific subject matter underlying the malpractice claim'" (*Town of Wallkill v Rosenstein,* 40 AD3d 972, 973-974 [2007], quoting *McCoy v Feinman,* 99 NY2d 295, 306 [2002]).

The cause of action to recover damages for legal malpractice accrued when the defendant allegedly failed to advise the plaintiff of her equitable distribution rights and failed to disclose a conflict of interest (*see Venturella-Ferretti v Kinzler,* 306 AD2d 465, 466 [2003]; *see also Zorn v Gilbert,* 8 NY3d 933, 934 [2007]; *McCoy v Feinman,* 99 NY2d 295, 305 [2002]). However, the defendant's representation of the plaintiff ended, at the earliest, on November 5, 2001, when the special referee signed the judgment of divorce. The doctrine of continuous representation tolled the statute of limitations at least until that date (*see Sommers v Cohen,* 14 AD3d 691, 692-693 [2005]; *Gaslow v Phillips Nizer Benjamin Krim & Ballon,* 286 AD2d 703, 706 [2001]; *see also Shumsky v Eisenstein,* 96 NY2d at 169-170). Since this action was commenced on October 25, 2004, the Supreme Court erred in dismissing the cause of action to recover damages for legal malpractice as time-barred.

However, the Supreme Court properly dismissed the causes of action alleging breach of contract and breach of fiduciary duty. Those causes of action arise from the same facts as the legal malpractice cause of action, do not allege distinct damages, and are thus duplicative of the legal malpractice cause of action (*see Shivers v Siegel,* 11 AD3d 447 [2004]; *Daniels v Lebit,* 299 AD2d 310 [2002]).

The defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.