OPINION OF THE COURT
Philip G. Minardo, J.
Defendant’s motion to dismiss is denied.
Plaintiff commenced this legal malpractice action against defendant Thomas F. Bello, Esq. as a result of his representation in a wrongful termination action brought by her against her former employer, Staten Island University Hospital (hereinafter SIUH). By way of background, plaintiffs employment at SIUH began in April 1996 and ran through April 1997 pursuant to a one-year employment contract. Her contract was subsequently renewed in December 1997 for a three-year term, and was thereafter renewed twice more for a period of three years each. Her employment was terminated in July 2003. Each of plaintiffs contract renewals was retroactive to the expiration date of the previous contract. According to plaintiff, prior to her termination, she had notified her superiors of the illegal activities of another employee in conjunction with the clinical trial of a drug named “Tysabri.” Plaintiff contends that her employment was terminated as of July 31, 2003 as a result of her having reported this information to her superiors.
In September 2003, plaintiff retained the legal services of defendant Thomas F. Bello, Esq. to represent her in a wrongful termination action against SIUH. An action was subsequently commenced by Bello on her behalf in July 2005. The complaint alleges five causes of action, one each for breach of contract, promissory estoppel, breach of implied contract, specific perfor *536 manee and violation of Labor Law § 740, also known as New York’s “Whistleblower Act.” In September 2005, SIUH moved to dismiss the first four causes of action on the ground that an action under Labor Law § 740 constitutes an exclusive remedy such that the assertion of a cause of action thereunder precludes plaintiff from pursuing any other causes of action related to the alleged wrongful termination of his or her employment. In addition, dismissal of plaintiffs Labor Law cause of action was sought on the basis that the one-year statute of limitations applicable thereto had expired in or about July 2004, one year from the date of plaintiff’s termination. In response, Bello served an amended complaint withdrawing the cause of action under Labor Law § 740.
In a decision and order dated April 21, 2006, Justice Anthony I. Giacobbe of this court dismissed the promissory estoppel and specific performance causes of action only. On appeal, however, the Appellate Division, Second Department dismissed the complaint in its entirety on the ground that (1) the assertion of a claim under Labor Law § 740 operated as a waiver of all rights and remedies available to plaintiff under any contract, collective bargaining agreement, law, rule or regulation or under the common law, and (2) Bello’s attempt to amend the complaint to exclude the time-barred Labor Law § 740 cause of action was insufficient to nullify the waiver (see Hayes v Staten Is. Univ. Hosp., 39 AD3d 593 [2007]).
As a result of this holding, plaintiff commenced a legal malpractice action against Bello in August 2007, alleging causes of action for both negligence and breach of contract arising out of his representation in the wrongful termination action against SIUH. According to plaintiff, Bello’s negligence included, inter alia, the failure to timely assert a Labor Law § 740 cause of action, and the failure to recognize the effect upon her remaining causes of action of asserting the time-barred action under Labor Law § 740 in the complaint. According to plaintiff, this combination of errors ultimately resulted in the dismissal of her complaint, thereby barring her from recovering any damages against SIUH for her alleged wrongful termination. She also alleges that “but for” Bello’s negligence she would have been successful in her action against the hospital. However, this complaint was subsequently dismissed for pleading deficiencies pursuant to CPLR 3211 (a) (7).
Plaintiff has now commenced a second malpractice action against her former attorney alleging, in additional detail, the *537 circumstances which are claimed to give rise to her cause of action for negligence in Bello’s handling of the underlying wrongful termination action.* Presently before the court is defendant’s motion to dismiss the second complaint (1) pursuant to CPLR 3211 (a) (7) for failing to state a cause of action, and (2) under CPLR 3211 (a) (1) based on documentary evidence.
The motion to dismiss is denied.
CPLR 3211 (a) (7) permits the court to dismiss a complaint that fails to state a cause of action. When no extrinsic evidentiary material is considered on the motion, the court is enjoined to determine solely whether the factual allegations in the complaint manifest a legally cognizable cause of action, and not whether the action has been properly pleaded (see Guggenheimer v Ginzburg, 43 NY2d 268 [1977]). In such circumstances, the complaint must be liberally construed, and plaintiff given the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83 [1994]). In addition, the court must accept as true all of the facts alleged in the complaint (see Nonnon v City of New York, 9 NY3d 825 [2007]). It is well settled that the motion must be denied if from all those facts and the favorable inferences to be drawn therefrom, a recognizable cause of action emerges (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]).
In an action for legal malpractice, a plaintiff must establish that the defendant “failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, and that the attorney’s breach of that duty proximately caused the plaintiff to sustain actual and ascertainable damages” (Carrasco v Pena & Kahn, 48 AD3d 395, 396 [2008]). “[C]ausation” in this context requires a plaintiff to show “that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]).
In applying these principles, it is the opinion of this court that plaintiff has sufficiently pleaded a cause of action for legal malpractice to require the denial of defendant’s motion pursuant to CPLR 3211 (a) (7). In her complaint, plaintiff alleges facts establishing an attorney-client relationship between herself and Bello; the attendant duties which arise from such *538 relationship; and facts sufficient to establish a breach of those duties, including (1) the untimely assertion of her claim under Labor Law § 740, and (2) the resulting waiver of any other remedies to which she may have been entitled by asserting the Labor Law claim. In addition, notwithstanding the lack of discovery, plaintiff has alleged sufficient detailed facts regarding the circumstances and activities surrounding her termination to sustain a cause of action under Labor Law § 740. In particular, plaintiff specifically pleads the alleged illegal activity, i.e., her fellow employee’s purported violation of 42 CFR part 93 in seeking to falsify the medical records of a patient in order to qualify him or her for a clinical study; her report of such activity to Dr. Richard Hoffman, the chairman of the hospital’s Institutional Review Committee and its medical director; and that such report resulted in her retaliatory termination. Contrary to defendant’s contention, it is the opinion of this court that the conduct alleged satisfies the reporting requirement under Labor Law § 740 (2), and that the improper administration of clinical trials represents a substantial and specific danger to the public health and safety. Under these circumstances, and affording plaintiff the benefit of every possible favorable inference, it appears that she has pleaded sufficient facts in support of, e.g., a lost right of recovery under Labor Law § 740, to withstand dismissal at this early juncture (see Gelfand v Oliver, 29 AD3d 736 [2006]).
With regard to defendant’s motion to dismiss under CPLR 3211 (a) (1), it is well settled that in order to succeed on such a motion, the documentary evidence submitted must (1) resolve all factual issues as a matter of law, and (2) conclusively dispose of the plaintiffs claims (see Teitler v Pollack & Sons, 288 AD2d 302 [2001]). Here, defendant has submitted, inter alia, a copy of plaintiff’s last employment contract, which expired three months prior to her termination of employment, in order to prove that she had become an “at-will” employee by the time of her discharge, and was, therefore, subject to dismissal at any time. In this way, defendant maintains that plaintiff cannot, as a matter of law, establish a viable claim for breach of contract or otherwise demonstrate that “but for” defendant’s alleged negligence she would have obtained a more favorable result in her wrongful termination suit.
The court disagrees. Here, proof of the expiration of plaintiffs contract with SIUH neither resolves all of the factual issues as a matter of law, nor conclusively disposes of plaintiffs claim for damages under Labor Law § 740 or her alternative causes of ac *539 tion for, e.g., breach of implied contract. Dismissal of the complaint pursuant to CPLR 3211 (a) (1) is therefore unwarranted.
Accordingly, it is ordered that defendant’s motion to dismiss the complaint is denied in all respects.

 This second complaint does not include a breach of contract cause of action.