■ JEAN MAIOLINI, Respondent, v McADAMS & FALLON, P.C., Appellant. [877 NYS2d 368]—

In an action to recover damages for legal malpractice and breach of contract, the defendant appeals from an amended order of the Supreme Court, Rockland County (Garvey, J.), entered April 7, 2008, which denied its motion for summary judgment dismissing the amended complaint.

Ordered that the amended order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is granted.

The plaintiff was employed as an accounts receivable manager for Medco Health Solutions, Inc. (hereinafter Medco). In March 2004, allegedly suffering from the effects of temporomandibular joint syndrome, commonly referred to as TMJ, the plaintiff applied for short-term disability benefits pursuant to an employer-provided disability insurance policy administered by Prudential Insurance Company (hereinafter Prudential). The plaintiff received short-term disability payments from March 25, 2004 through June 16, 2004. On July 22, 2004 Prudential terminated the short-term disability payments effective June 17, 2004 and also denied the plaintiff's claim for long-term disability benefits. Pursuant to the Prudential policy, the plaintiff filed an administrative appeal. On December 17, 2004 Prudential upheld its earlier determination and advised the plaintiff that if she wished to appeal to Prudential's appeals committee, she had to do so within 180 days. At some point thereafter, the plaintiff retained the defendant to represent her in connection with her claim for disability benefits. However, the defendant failed to timely file an appeal with Prudential of the December 17, 2004 determination.

In June 2006 the plaintiff commenced this action against the defendant to recover damages for legal malpractice and breach of contract. After discovery was completed, the defendant moved for summary judgment dismissing the amended complaint contending, inter alia, that the plaintiff would be unable to prove that the failure to file the second administrative appeal was the proximate cause of the plaintiff's alleged damages. The Supreme Court denied the motion. We reverse.

To prevail in a legal malpractice action a plaintiff must establish that the attorney " 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and that the attorney's breach of this duty proximately caused the plaintiff actual and ascertainable damages" (*Kutner v Catterson,* 56 AD3d 437, 437 [2008], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d 438, 442 [2007]). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (*Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer,* 8 NY3d at 442; *see Teodorescu v Resnick & Binder, P.C.,* 55 AD3d 721, 722 [2008]).

The defendant established its entitlement to judgment as a matter of law by demonstrating that the plaintiff would not have succeeded on a second administrative appeal, even if one had been timely filed (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Campbell v Tamsen,* 37 AD3d 636, 636-637 [2007]; *Flinn v Aab,* 167 AD2d 507 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Teodorescu v Resnick & Binder, P.C.,* 55 AD3d at 721-722; *Campbell v Tamsen,* 37 AD3d at 637). Accordingly, the Supreme Court should have awarded summary judgment to the defendant dismissing the legal malpractice cause of action.

In addition, the Supreme Court should have awarded summary judgment dismissing the breach of contract cause of action since it was duplicative of the legal malpractice cause of action (*see Gelfand v Oliver,* 29 AD3d 736, 737 [2006]; *Shivers v Siegel,* 11 AD3d 447 [2004]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Spolzino, J.P., Dillon, Florio and Angiolillo, JJ., concur.