Eric P. Reichenbaum et al., Appellants, v John Cilmi et al., Respondents. [884 NYS2d 88]—

In an action to recover damages for legal malpractice, breach of fiduciary duty, and fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 21, 2008, as

granted those branches of the defendants' motion which were to dismiss the amended complaint pursuant to CPLR 3016 (b) and 3211 (a) (5) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs alleged in the amended complaint that in 1998 the plaintiff EPR Capital, LLC (hereinafter EPR), whose managing member is the plaintiff Eric P. Reichenbaum, entered into an operating agreement with nonparty Frank DeFalco to create an entity known as Boerum Place Properties, LLC (hereinafter BPP). During the preparation of the operating agreement, DeFalco was represented by the defendants, who are attorneys, and EPR was represented by separate counsel. DeFalco then transferred his interest in BPP to an entity in which he was the managing member, SMD Capital Group, LLC (hereinafter SMD).

In 1999 and 2000 EPR and SMD negotiated, and ultimately signed, an amended operating agreement for BPP. During that process, both parties were represented by the defendants. Also during 1999 and 2000 EPR and SMD entered into five other operating agreements, creating five additional limited liability companies. The defendants represented both EPR and SMD during the preparation of those agreements. Since the defendants had previously represented DeFalco, the plaintiffs claim that the defendants drafted the amended operating agreement and the five new operating agreements in his favor, causing the plaintiffs to lose business opportunities. The plaintiffs claim that the defendants did not disclose that they had a conflict of interest, or take any measures to resolve the conflict.

Affording the complaint a liberal construction, accepting all facts as alleged in the amended complaint to be true, and according the plaintiffs the benefit of every favorable inference as required on a motion to dismiss pursuant to CPLR 3211 (a) (7), the amended complaint fails to state a cause of action (*see Leon v Martinez,* 84 NY2d 83 [1994]; *see also Fishberger v Voss,* 51 AD3d 627 [2008]). The factual allegations in support of the cause of action to recover damages for breach of fiduciary duty are duplicative of the allegations in support of the cause of action to recover damages for legal malpractice, as both causes of action arise from the same facts and allege the same damages (*see Kvetnaya v Tylo,* 49 AD3d 608 [2008]; *Daniels v Lebit,* 299 AD2d 310 [2002]). The factual allegations in support of the cause of action to recover damages for legal malpractice do not establish the necessary element of causation that "but for" the defendants' alleged acts or omissions, the plaintiffs would not have incurred any damages (*see Fireman's Fund Ins. Co. v Far-*

*rell,* 57 AD3d 721 [2008]). The factual allegations in support of the cause of action to recover damages for fraud fail to meet the heightened pleading requirement of CPLR 3016 (b) *(see Kline v Taukpoint Realty Corp.,* 302 AD2d 433 [2003]) and, in any event, the "mere failure to disclose malpractice does not give rise to a cause of action alleging fraud or deceit separate from the underlying malpractice cause of action" *(Ferdinand v Crecca & Blair,* 5 AD3d 538, 539 [2004]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Dillon, Santucci and Balkin, JJ., concur.