DAMON R. UZZLE, Appellant, v NUNZIE COURT HOMEOWN-ERS ASSOCIATION, INC., et al., Defendants, and UNITED GENERAL TITLE INSURANCE COMPANY et al., Respondents. [895 NYS2d 203]—

Motion by the plaintiff for leave to reargue an appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated May 29, 2007, which was determined by decision and order of this Court dated October 14, 2008.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and upon reargument, the decision and order of this Court dated October 14, 2008 (*Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 55 AD3d 723 [2008]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of

contract, the plaintiff appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated May 29, 2007, which granted the motion of the defendants United General Title Insurance Company and Newell & Talarico Title Insurance Agency, Inc., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them, and granted the motion of the defendant John C. DiGiovanna pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted as against him. Justice Hall has been substituted for Justice Carni (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendants United General Title Insurance Company and Newell & Talarico Title Insurance Agency, Inc., pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendant John C. DiGiovanna which was pursuant to CPLR 3211 (a) (7) to dismiss so much of the complaint as alleged that the defendant John C. DiGiovanna committed legal malpractice, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs payable by the defendants United General Title Insurance Company and Newell & Talarico Title Insurance Agency, Inc., to the plaintiff.

The plaintiff retained the defendant John C. DiGiovanna to represent him in a purchase of real property (hereinafter the premises) located along a private road. The contract of sale specified that he would take title to the premises subject to a certain declaration of covenants, restrictions, easements, charges, and liens (hereinafter the declaration).

The plaintiff obtained title insurance from the defendant United General Title Insurance Company through its agent, the defendant Newell & Talarico Title Insurance Agency, Inc. (hereinafter together the title insurance respondents). The policy insured the plaintiff against, among other things, "unmarketability of the title" and lack of a right of access to and from the land. However, the policy excepted from coverage loss or damage arising from the declaration.

After the plaintiff closed title on the property, he brought this action asserting, among other things, that he did not have a legal means of access to his property. The title insurance respondents moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

When determining a motion to dismiss pursuant to CPLR

3211 (a) (7), the pleading must be afforded a liberal construction (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87 [1994]), the facts as alleged in the complaint are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court must determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87-88; *Cayuga Partners v 150 Grand*, 305 AD2d 527 [2003]). "In assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint," and if the court does so, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Leon v Martinez*, 84 NY2d at 88 [internal quotations marks omitted]).

"A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York*, 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.*, 273 AD2d 453, 453 [2000]; *see Leon v Martinez*, 84 NY2d at 88).

Construed liberally, the plaintiff's complaint states a valid cause of action against the title insurance respondents to recover damages for breach of contract since the title insurance policy explicitly covers losses arising from a lack of legal access to the premises and the plaintiff has asserted that he has incurred damages due to the fact that he has no legal right to access the premises (*see* CPLR 3211 [a] [7]; *accord L. Smirlock Realty Corp. v Title Guar. Co.*, 52 NY2d 179, 184 [1981], *appeal upon remand* 97 AD2d 208 [1983], *mod* 63 NY2d 955 [1984]). Moreover, even though the declaration may be excepted from coverage under the title policy (*see Hess v Baccarat*, 287 AD2d 834, 836-837 [2001]), the title insurance respondents did not provide documentary evidence that resolves all factual issues (*see generally* CPLR 3211 [a] [1]; *Sullivan v State of New York*, 34 AD3d at 445).

The Supreme Court properly granted that branch of DiGiovanna's motion which was to dismiss the cause of action to recover damages for breach of contract insofar as asserted against him, as that cause of action was duplicative of the legal malpractice cause of action (*see Maiolini v McAdams & Fallon, P.C.*, 61 AD3d 644, 645 [2009]; *Gelfand v Oliver*, 29 AD3d 736 [2006]; *Shivers v Siegel*, 11 AD3d 447 [2004]). However, affording the legal malpractice cause of action a liberal construction and according the plaintiff every favorable inference, the complaint does state a cause of action to recover damages for legal mal-

practice (*see generally Hamoudeh v Mandel,* 62 AD3d 948, 949 [2009]; *Maiolini v McAdams & Fallon, P.C.,* 61 AD3d 644, 645 [2009]; *Malik v Beal,* 54 AD3d 910, 911 [2008]).

The parties' remaining contentions either have been rendered academic or are without merit. Mastro, J.P., Angiolillo, Eng and Hall, JJ., concur. **[Prior Case History: 2007 NY Slip Op 31421(U).]**