In an action to recover damages for legal malpractice and breach of contract, the plaintiffs appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 3, 2009, as granted that branch of the defendants’ motion which was to dismiss the first cause of action to recover damages for legal malpractice pursuant to CPLR 3211 (a) (7), and (2) from an order of the same court dated September 28, 2009, which, inter alia, denied that branch of their cross motion which was for leave to amend the complaint and granted that branch of the defendants’ motion *704 which was to “dismiss” the first cause of action in the proposed amended complaint pursuant to CPLR 3211 (a) (5); and the defendants cross-appeal from so much of the order dated June 3, 2009, as denied that branch of their motion which was to dismiss the second cause of action to recover damages for breach of contract pursuant to CPLR 3211 (a) (1) and (7).
Ordered that the order dated June 3, 2009, is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, that branch of the defendants’ motion which was to dismiss the first cause of action to recover damages for legal malpractice is denied, and that branch of the defendants’ motion which was to dismiss the second cause of action to recover damages for breach of contract pursuant to CPLR 3211 (a) (7) is granted; and it is further,
Ordered that the order dated September 28, 2009, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the plaintiffs’ cross motion which was for leave to amend the first cause of action in the complaint, and substituting therefor a provision granting that branch of the plaintiffs’ cross motion, and (2) by deleting the provision thereof granting that branch of the defendants’ motion which was to “dismiss” the first cause of action in the proposed amended complaint pursuant to CPLR 3211 (a) (5), and substituting therefor a provision denying that branch of the defendants’ motion; as so modified, the order dated September 28, 2009, is affirmed; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleading a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87 [1994]), accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d at 87-88; Sokol v Leader, 74 AD3d 1180 [2010]; Uzzle v Nunzie Ct. Homeowners Assn., Inc., 70 AD3d 928, 929-930 [2010]; Nelson v Roth, 69 AD3d 912 [2010]; Morales v AMS Mtge. Servs., Inc., 69 AD3d 691, 692 [2010]; Matter of Doman, 68 AD3d 862, 863 [2009]).
Contrary to the Supreme Court’s determination, the complaint adequately pleaded that the defendants “failed to exercise that degree of care, still, and diligence commonly possessed by a member of the legal community,” and that their negligence was “a proximate cause of damages” (DeNatale v Santangelo, 65 AD3d 1006, 1007 [2009]), and, therefore, was sufficient to state a cause of action to recover damages for legal *705 malpractice. Contrary to the defendants’ contention, there is no indication that the Supreme Court considered evidentiary submissions and, thus, the issue to be determined at this stage is not whether the plaintiffs have a cause of action, but only whether they have stated one (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Sokol v Leader, 74 AD3d at 1181-1182). Accordingly, the Supreme Court improperly granted that branch of the defendants’ motion which was to dismiss the first cause of action. However, the plaintiffs’ second cause of action alleging breach of contract was duplicative, and should have been dismissed (see Uzzle v Nunzie Ct. Homeowners Assn., Inc., 70 AD3d at 930; Maiolini v McAdams & Fallon, EC., 61 AD3d 644, 645 [2009]; Kvetnaya v Tylo, 49 AD3d 608, 609 [2008]; Shivers v Siegel, 11 AD3d 447 [2004]).
In light of the foregoing determination, that branch of the defendants’ motion which was to “dismiss” the first cause of action in the proposed amended complaint pursuant to CPLR 3211 (a) (5) should have been denied.
“Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit” (Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 987 [2010]; see CPLR 3025 [b]; Tyson v Tower Ins. Co. of N.Y., 68 AD3d 977, 979 [2009]; Peerless Ins. Co. v Micro Fibertek, Inc., 67 AD3d 978, 979-980 [2009]). Here, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs’ cross motion which was for leave to amend the first cause of action in the complaint (see CPLR 3025 [b]). However, the remaining causes of action contained in the proposed amended complaint were duplicative of the first cause of action; thus, the plaintiffs may not amend the complaint to include those causes of action, as the proposed amendment is patently devoid of merit (see Goodleaf v Tzivos Hashem, Inc., 68 AD3d 817, 817-818 [2009]; Smiley Realty of Brooklyn, LLC v Excello Film Pak, Inc., 67 AD3d 891, 892 [2009]; Uadi, Inc. v Stern, 67 AD3d 899, 900 [2009]). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.