[973 NYS2d 752]

In the Matter of Thomas F. Bello, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, October 23, 2013

## APPEARANCES OF COUNSEL

*Diana M. Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

*Howard Benjamin*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served a petition and supplemental petition on the respondent. Following a preliminary conference held on December 28, 2011, and a hearing conducted in nine separate sessions in 2012, the Special Referee sustained all six charges, concluding that the respondent "neglected the legal matters entrusted to him, . . . failed to adequately communicate with his clients, . . . failed to comply with court directives, and . . . failed to honor a stipulation to which he agreed." The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and proper. The respondent has now submitted an affidavit sworn to February 25, 2013, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9), and cross-moves for its acceptance, and the striking of his name from the roll of attorneys. In his affidavit, the respondent acknowledges, in essence, that he cannot successfully defend himself against the merits of the charges.

Charge one, as amended, alleges that the respondent engaged in a pattern of neglecting legal matters entrusted to him, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]). Between 2004 and 2010, the respondent was retained to represent 19 different clients, and thereafter failed to diligently pursue those matters with respect to each of them.

Charge two alleges that the respondent engaged in a pattern of failing to maintain adequate communications with his clients, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]). Between in or about 2001 and 2010, the respondent was retained to represent 18 different clients, and thereafter failed to adequately respond to those clients' inquiries with respect to their cases.

Charge three alleges that the respondent failed to comply with numerous court directives, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). In or about December 2007, the respondent was retained to represent Tony Chin in a legal matter. In or about 2008, the respondent commenced an action on Mr. Chin's behalf, entitled *Chin v U.S. Postal Serv.* (ED NY, Mar. 12, 2008, docket No. 1:08cv01035), in the United States District Court for the Eastern District of New York. Although twice directed by the court to provide it with a status letter/report, the respondent failed to do so. The respondent also failed to comply with two orders directing the plaintiff to file, inter alia, affidavits of proper service on the defendant on or before December 22, 2008. By order dated June 16, 2009 (2009 WL 1702255, 2009 US Dist LEXIS 57204 [ED NY, June 16, 2009, No. 08-CV-01035]), the court dismissed the action, in view of the respondent's "pattern of delay and inexplicable noncompliance."

Charge four, as amended, alleges that the respondent engaged in a pattern of neglecting legal matters entrusted to him. Between 1999 and 2010, the respondent was retained by five clients. Thereafter, the respondent failed to diligently pursue their legal matters, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Charge five, as amended, alleges that the respondent engaged in a pattern of failing to maintain adequate communications with his clients. Between 1999 and 2010, the respondent was retained to represent six clients. Thereafter, the respondent failed to adequately respond to inquiries made by these clients with respect to their legal cases, in violation of former Code of Professional Responsibility DR 6-101 (a) (3) and DR 1-102 (a) (7) (22 NYCRR 1200.30 [a] [3]; 1200.3 [a] [7]).

Charge six alleges that the respondent failed to timely satisfy the terms of a settlement agreement, in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22

NYCRR 1200.3 [a] [5], [7]). In or about 2008, the respondent was sued for legal malpractice in the Supreme Court, Richmond County, in a matter entitled *Hayes v Bello* (23 Misc 3d 534 [2009]). In or about February 2011, the respondent executed a settlement agreement, in which he agreed to pay the total sum of $25,000 to the plaintiff, as follows: "$5,000.00 within 90 days, and balance with [sic] 6 months thereafter." To date, the respondent has failed to satisfy the terms of the agreement.

The respondent acknowledges that his resignation is tendered freely and voluntarily, that he is not subject to coercion or duress, and that he is fully aware of the implications of its submission. He further acknowledges that the Court has the power to disaffirm the Special Referee's report or issue discipline that could range from a public censure, to suspension, or disbarment. Nonetheless, he requests that the Court accept his resignation and strike his name from the roll of attorneys.

The Grievance Committee objects to acceptance of the resignation on the ground that the respondent's proffered resignation should have been offered prior to the hearing being conducted and the issuance of the Special Referee's report.

The proffered resignation, which complies with the requirements of 22 NYCRR 691.9, is accepted, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. The Grievance Committee's motion to confirm the Special Referee's report is denied as academic, in view of the Court's determination to accept the tendered resignation.

ENG, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the resignation of Thomas F. Bello is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas F. Bello is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Thomas F. Bello, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Thomas F. Bello shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commis-

sion, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Thomas F. Bello has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Thomas F. Bello shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the pending disciplinary proceeding is discontinued; and it is further,

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee in that matter is denied as academic.