Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C. (2018 NY Slip Op 01456)





Kliger-Weiss Infosystems, Inc. v Ruskin Moscou Faltischek, P.C.


2018 NY Slip Op 01456


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-06404
 (Index No. 606457/14)

[*1]Kliger-Weiss Infosystems, Inc., respondent, 
v
Ruskin Moscou Faltischek, P.C., appellant.


L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice and Meredith D. Belkin of counsel), for appellant.
Tannenbaum, Helpern, Syracuse & Hirschtritt LLP, New York, NY (Vincent J. Syracuse, George F. duPont, and Carl F. Regelmann of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered June 29, 2015. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint or, in the alternative, to dismiss the second and third causes of action as duplicative of the first cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendant's motion which were to dismiss the second and third causes of action as duplicative of the first cause of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2001, the plaintiff, Kliger-Weiss Infosystems, Inc. (hereinafter KWI), entered into an agreement (hereinafter the 2001 agreement) to license and market certain software from STS Systems, LTD, a predecessor in interest to Epicor Retail Solutions Corporation (hereinafter Epicor). In relevant part, the 2001 agreement contained a provision providing for automatic one-year renewals of the 2001 agreement (hereinafter the evergreen provision). In 2004, Epicor's predecessor in interest commenced an action against KWI and others in the United States District Court for the Eastern District of New York (hereinafter the federal action) seeking, inter alia, to terminate the 2001 agreement due to alleged breaches by KWI. In early 2007, KWI retained the defendant to negotiate a settlement of the federal action, which resulted in a settlement agreement (hereinafter the 2007 settlement agreement). KWI alleges that it instructed the defendant to incorporate the evergreen provision into the 2007 settlement agreement, but that the defendant, unbeknownst to KWI, failed to do so.
In 2011, Epicor commenced an arbitration proceeding against KWI seeking to terminate the 2007 settlement agreement due to KWI's alleged uncured breaches. The defendant represented KWI in the arbitration, which resulted in a 2013 determination that the 2007 settlement agreement did not contain an evergreen provision.
KWI thereafter commenced the instant action, alleging, inter alia, that the defendant was negligent in failing to advise it that the 2007 settlement agreement did not contain the evergreen [*2]provision, and that but for the defendant's negligent advice, it would not have executed the 2007 settlement agreement and/or would not have incurred the legal expense of defending the arbitration. KWI asserted causes of action sounding in legal malpractice, negligent misrepresentation, and breach of contract. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint or, in the alternative, to dismiss the second and third causes of action as duplicative of the first cause of action. The Supreme Court denied the motion, and the defendant appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the court should accept the alleged facts in the complaint as true and afford the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88).
To state a cause of action to recover damages for legal malpractice, a plaintiff must allege that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442). "To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence" (id. at 442).
Here, viewing the complaint in the light most favorable to KWI, it sufficiently alleged that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession in negotiating the 2007 settlement agreement, and that the defendant's breach of this duty proximately caused KWI to sustain actual and ascertainable damages (see Escape Airports [USA], Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for legal malpractice.
However, the Supreme Court should have granted those branches of the defendant's motion which were to dismiss the second and third causes of action, which were, respectively, to recover damages for negligent misrepresentation and breach of contract, as duplicative of the legal malpractice cause of action. Those causes of action were duplicative of the legal malpractice cause of action because they arose from the same operative facts and did not seek distinct and different damages (see Thompsen v Baier, 84 AD3d 1062, 1064; Symbol Tech., Inc. v Deloitte & Touche, LLP, 69 AD3d 191, 199; Maiolini v McAdams & Fallon, P.C., 61 AD3d 644, 645; Gelfand v Oliver, 29 AD3d 736; Shivers v Siegel, 11 AD3d 447).
The defendant's remaining contention is without merit (see Stein Indus., Inc. v Certilman Balin Adler & Hyman, LLP, 149 AD3d 788, 790).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court